IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MANUEL LOPEZ,                          :          CIVIL ACTION NO. **1:CV-07-0938**
                                       :
          Petitioner                   :          (Judge Caldwell)
                                       :
          v.                           :          (Magistrate Judge Blewitt)
                                       :
HARRY E. WILSON, et. al,               :
                                       :
          Respondents                  :

## REPORT AND RECOMMENDATION

**I. Background.**

_____On May 23, 2007, Manuel Lopez, an inmate at the State Correctional Institution at Fayette,

LaBelle, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

(Doc. 1).   Petitioner challenges his 2003 homicide by vehicle and related convictions in the

Dauphin County Court of Common Pleas ("CCP").   Petitioner raises the following grounds: (1)

Ineffectiveness of counsel; (2) Violation of Sixth Amendment Constitutional Right; (3) Abuse of

Discretion; (4) Illegal sentence due to merging of homicide by vehicle and accident involving death

or personal injury convictions; and (5) Contributory negligence.  (Doc. 1, unnumbered page 10).

          Before serving the Petition on Respondents and addressing the Petitioner's claims, on May

30, 2007, we directed Petitioner to submit to the Court copies of all of his state court appeals and

the state court decisions, opinions, and orders regarding both his direct and collateral appeals, along

---

[1]  Petitioner also filed an Amended Habeas Corpus Petition on September 10, 2007,
pursuant to an Order issued by the Court on August 3, 2007.  (Doc. 16).  This Amended Habeas
Corpus Petition was labeled by Petitioner as "Petitioner's Brief In Support of Writ of Habeas
Corpus Petition."  (*Id.*).

with the filing dates thereof.[2]  The Court indicated that it would then determine if the Petitioner's

habeas petition was timely filed under the AEDPA[3] and if his instant claims were exhausted in state

court.[4]  Petitioner sent the Clerk a letter on June 8, 2007, indicating that he was not able to make

copies of his records, but that he was sending all the materials that he had.  (Doc. 6).

Respondent Dauphin County District Attorney ("DA") filed a Motion For a More Definite

Statement on August 1, 2007.  (Doc. 10).  Respondent DA argued in this Motion that the issues as

framed by Petitioner were so vague and ambiguous that Respondents could not reasonably be

required to frame a responsive pleading.  (Doc. 10, p. 2).  As noted, the Court, through an Order

dated August 3, 2007, granted Respondents' Motion for a More Definite Statement and ordered

---

[2]  The amended provisions of 28 U.S.C. § 2244(d)(1) impose limitations on the right to pursue federal habeas relief.  The amendments impose a one-year statute of limitations for § 2254 habeas petitions.  *See Burs v. Morton,* 134 F.3d 109, 111 (3d Cir. 1998).  There are four potential starting points for determining when the statute of limitations begins to run.  The applicable period in the instant matter is September 21, 2003, the date that Petitioner's judgment of conviction became final 90 days after the Pennsylvania Superior Court affirmed his judgment of conviction on June 23, 2003.  *Merritt v. Blaine,* 326 F.3d 157 (3d Cir. 2003).  Any time devoted to pursuing a properly filed application for state post-conviction relief or other collateral relief is excluded from the limitations period.  28 U.S.C. § 2244(d)(2); *Merrit, supra.*

[3]  The Third Circuit Court of Appeals, in *Holden v. Mechling,* 2005 WL 1219860 (3d Cir.), found that the District Court could *sua sponte* raise the AEDPA's statute of limitations and could summarily dismiss a § 2254 habeas petition as untimely after Petitioner is afforded notice and an opportunity to be heard.  *See also U.S. v. Bendolph,* 409 F.3d 155 (3d Cir. 2005); *Day v. McDonough,* 126 S.Ct. 1675, 1683 (2006).  We thus gave Petitioner Lopez notice and an opportunity to be heard regarding whether his habeas petition was timely under the AEDPA.

[4]  The habeas statue requires a prisoner to exhaust his claims in state court before seeking relief from federal courts.  28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty,* 897 F.2d 661, 668 (3d Cir. 1990).  It is well settled in the Third Circuit that the Court has discretion to raise procedural issues, such as exhaustion of state court remedies, in habeas cases, and it may do so *sua sponte.  See Sweger v. Chesney,* 294 F.3d 506, 520-521 (3d Cir. 2002), *cert. denied,* 538 U.S. 1002 (2003).

Petitioner to file an Amended Petition for Writ of Habeas Corpus setting forth the factual and legal bases for his habeas claims in sufficient detail to allow Respondents to frame an answer thereto. (Doc. 12). Petitioner filed a Motion for Extension of Time to file an Amended Habeas Petition on August 22, 2007. (Doc. 13). The Court, through an Order dated August 23, 2007, granted Petitioner's Motion and ordered Petitioner to file his Amended Petition on or by September 10, 2007. (Doc. 14).

On September 10, 2007, Petitioner filed a Notice of Election which indicated that he elected to have the Court rule on his petition as filed. (Doc. 15). Also, on September 10, 2007, Petitioner filed a document labeled as a Brief in support of his Habeas Corpus Petition. (Doc. 16). The Court issued an Order on September 14, 2007, directing the Clerk of Court to correct the docket of this case to reflect that Petitioner's Brief in support of his Habeas Corpus Petition, filed on September 10, 2007, was Petitioner's Amended Habeas Corpus Petition. (Doc. 17).

On September 26, 2007, Respondent DA filed his Response to Petitioner's Amended Habeas Corpus Petition. (Doc. 18). On this date, Respondent DA also filed a brief in opposition to Petitioner's Habeas Corpus Petition and exhibits. (Docs. 18-2, 18-3). Respondent addressed the exhaustion and procedural default issues as well as the merits of Petitioner's five habeas claims. The Habeas Petition is now ripe for disposition.[5]

---

[5] The undersigned has been assigned this case to issue a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A).

3

**II**. **STATE PROCEDURAL HISTORY.**

The facts of Petitioner's criminal case were stated by the Dauphin County CCP as follows:

> On February 7, 2002, appellant was operating a white van when he proceeded through a red stoplight at a high rate of speed and
>
> struck two pedestrians. One pedestrian, Ralph Down, was killed after having been thrown 75 to 80 feet, and the other pedestrian, George Taylor, suffered a dislocated left shoulder. After appellant struck the two pedestrians, he failed to stop to check for injuries and provide information to the victims. Additionally, there were allegations that appellant may have consumed alcoholic beverages before the accident. In an effort to hide any evidence of the accident and prevent police from finding the vehicle, appellant and his girlfriend painted the entire van with brown house paint. Through use of security cameras near the intersection where the accident occurred the van was identified and appellant was later charged on May 28, 2002 with numerous charges in connection with the accident.

(Doc. 18-4, Ex. D, pp. 1-2, and Doc. 18-8, Ex. W, pp. 1-2.)

Petitioner's jury trial began on February 10, 2003, in the Dauphin County CCP. (Doc. 18-4, p. 15). Midway through the prosecution's case, Petitioner decided to enter a guilty plea. (*Id.*). Petitioner's guilty plea was entered on February 11, 2003, and it included a plea of guilty to the following charges: Homicide by Vehicle, 2 counts of Accidents Involving Death or Personal Injury, Tampering with Physical Evidence, Recklessly Endangering Another Person, and numerous summary offenses. (*Id.*). Petitioner pled guilty to the stated charges in exchange for withdrawal of the charges of Homicide by Vehicle While DUI (Count 1) and Aggravated Assault by Vehicle While DUI (Count 2). (*Id.*). Petitioner was sentenced to an aggregate sentence of seventy-nine (79) months to one hundred and seventy-six (176) months of incarceration. (Doc. 18-4, p. 16).

4

On April 3, 2003, Petitioner filed a notice of appeal and on April 22, 2003, Petitioner filed a statement of matters complained of on appeal with the Dauphin County CCP.  (Doc. 18-4, pp. 16-17).  Petitioner failed to file a brief in support of his statement of matters complained of on appeal.  (Doc. 18-4, p. 17).  Petitioner's sole issue that he raised in his appeal was that the Dauphin County CCP erred by imposing an unreasonably harsh sentence "where each and every charge was consecutive in order to conform to the prosecutor's theory that there had been 'four harms' committed by the Petitioner."  (*Id.*).  On June 23, 2003, a Memorandum Opinion was issued by the Dauphin County CCP, which denied Petitioner's direct appeal.  (Doc. 18-4, p. 19).  The trial court noted that the sentencing guidelines were reviewed and that the court imposed an appropriate sentence for the crimes committed by Petitioner.  (*Id.*).

While Petitioner's direct appeal was pending he filed a Motion for Post Conviction Collateral Relief under the Post Conviction Relief Act ("PCRA").  (Doc. 18-5, p. 6).  On March 17, 2004, the Dauphin County CCP issued a Memorandum Opinion and an Order which declared that Petitioner's PCRA Petition was premature and that he was not entitled to post-conviction collateral relief at that time.  (Doc. 18-5, pp. 27-31).  Also, it was noted in the Order of Court that the motion to withdraw as counsel filed by William M. Shreve, Esquire, was granted.  (Doc. 18-5, p. 31).

On March 29, 2004, the Superior Court of Pennsylvania affirmed the Petitioner's judgment of sentence and denied Petitioner's direct appeal.  (Doc. 18-5, pp. 33-39).  Petitioner argued in his direct appeal that the sentence imposed on him was illegal because the offenses of homicide by motor vehicle and accidents involving death or personal injury should have merged for sentencing purposes.  (Doc. 18-5, p. 35).  Petitioner also argued that his sentence was manifestly excessive.

(Doc. 18-5, p. 38).  On April 6, 2004, the Dauphin County CCP formally dismissed Petitioner's PCRA Petition (Doc. 18-5, pp. 6-12) as premature.  (Doc. 18-6, p 1).

Petitioner filed a second PCRA Petition on May 6, 2004.  (Doc. 18-6 p. 3).  Counsel was appointed to represent Petitioner in his PCRA proceedings on June 10, 2004.  (Doc. 18-6, p. 14). On June 12, 2004, Petitioner's appointed counsel filed a Motion to Withdraw Under the Post Conviction Relief Act because the request for PCRA relief was frivolous.  (Doc. 18-6, pp. 16-24). On July 26, 2004, the Dauphin County CCP sitting as the PCRA Court, issued a Memorandum Opinion and Order stating that the Court was satisfied from its review of the record that there were no genuine issues concerning any material fact and that the Petitioner was not entitled to post-conviction collateral relief.  (Doc. 18-6, p. 33).  The Court also noted that appointed counsel was granted permission to withdraw from Post Conviction Relief Act representation in the Petitioner's case because there was a lack of any meritorious issue which would permit the Court to grant relief for Petitioner.  (*Id.*).

On January 3, 2005, Petitioner filed an amendment of his second May 6, 2004 PCRA Petition. (Doc. 18-6, pp. 34-37).  On January 24, 2005, and January 25, 2005, respectively, the PCRA Court issued an Order and Memorandum and Opinion indicating its intent to dismiss Petitioner's Amended PCRA Petition.  (Doc. 18-6, p. 40 - Doc. 18-7, p. 5).  The PCRA Court noted in its Opinion that Petitioner's May 6, 2004 PCRA Petition claimed:

> a).    A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

b).     Ineffective assistance of counsel which, in the circumstances of the particular case, so undermine the truth-determining process that no reliable adjudication of guilt or innocence could have taken place;

c).     A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent;

d).     The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court;

e).     The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced;

f).     The imposition of a sentence greater than the lawful maximum; and

g).     A proceeding in a tribunal without jurisdiction.

(Doc. 18-7, pp. 1-2).

In an Order issued on February 15, 2005, the PCRA Court formally dismissed Petitioner's amended PCRA Petition. (Doc. 18-7, p. 7). A Memorandum Opinion was issued on October 17, 2005 by the Dauphin County CCP, affirming Petitioner's sentence as proper. (Doc. 18-7, p. 36 - Doc. 18-8, p. 3). On February 16, 2006, the Superior Court of Pennsylvania issued a non-precedential decision that affirmed the denial of Petitioner's PCRA Petition. (Doc. 18-8, p. 1).

On March 31, 2006, Petitioner filed a Petition for Leave to File a Petition for Allowance of Appeal *Nunc Pro Tunc.* (Doc. 18-8, p. 30). On June 9, 2006, the Supreme Court of Pennsylvania issued an Order granting Petitioner leave to file a Petition for Allowance of Appeal *Nunc Pro Tunc.* (*Id.*). On November 8, 2006 an Order was issued by the Supreme Court of Pennsylvania denying Petitioner's Petition for Allowance of Appeal *Nunc Pro Tunc.* (Doc. 18-8, p. 34).

Petitioner then filed the present Petition for Habeas Corpus with this Court on May 23, 2007.[6]  (Doc. 1).  This Habeas Petition was timely filed within the one-year Anti-Terrorism and Effective Death Penalty Act statute of limitations ("AEDPA").  Respondent DA does not challenge the timeliness of Petitioner's Habeas Petition and argues that Petitioner's claims may be technically exhausted but they are all procedurally defaulted. (Doc. 18-2).

## III.  STANDARD OF REVIEW.

The Antiterrorism and Effective Death Penalty Act, enacted on April 24, 1996, revised the standard of review for cases challenging state convictions pursuant to 28 U.S.C. § 2254. *Dickerson v. Vaughn*, 90 F.3d 87, 89 (3d Cir. 1996) *citing* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, Title I, Sec. 104, 110 Stat. 1214 (1996) ("AEDPA").  *See also Knight v. Kelchner*, Civil No. 06-1942, M.D. Pa., 11-9-97 Memorandum (J. Conaboy), p. 14.  Section 2254(d), as amended, states as follows:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

---

[6]  As stated above, Petitioner's Amended Petition for Habeas Corpus was filed with this Court on September 10, 2007.  (Doc. 16).

The "contrary to" provision contained in Section (d)(1) is evaluated as follows:

> [T]he inquiry must be whether the Supreme Court has established a rule that determines the outcome of the petition.  Accordingly, we adopt O'Brien's holding that 'to obtain relief at this stage, a habeas petitioner must show that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court.'  In other words, it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome.

*Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 888 (3d Cir. 1999) referencing *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998).

In *Breighner v. Chesney,* this Court stated the appropriate standard for the "unreasonable application" clause.  301 F. Supp. 2d 354, 357 (M.D. Pa. 2004), *aff'd.*, 156 Fed. Appx. 539 (3d Cir. 2005)(Non-Precedential).  In *Breighner* the District Court held that under § 2254, a federal court no longer must "accord the 'presumption of correctness' to factual findings of a state court when the state court has previously considered and rejected the Petitioner's claims for relief."  The *Breighner* Court held that the "presumption of correctness does not apply in such cases," *i.e.* when federal court reviews a habeas claim that the state court unseasonably applied federal law.  *Breighner*, 301 F. Supp. 2d at 357.  The *Breighner* Court further held that 28 U.S.C. § 2254"subsections (d)(2) and (e)(1) simply cannot apply to the same case; they are mutually exclusive."  301 F. Supp. 2d at 365.  The Court interpreted subsection (e)(1) to be inapplicable to proceedings under subsection (d)(2), and that subsection (e)(1) does not apply to claims under subsection (d)(2).  *Id*. at 367-368.

9

The *Breighner* Court stated that:

> The federal habeas court's analysis under this subsection [(d)(2)] is limited to the record available to the state trial court--and reproduced in federal proceedings by the petitioner or "the State"--and encompasses two questions: (1) whether a factual determination of the state court was "unreasonable" in light of the state record, and (2) whether the state court's decision was "based" on that unreasonable determination. *See* 28 U.S.C. § 2254(d)(2), (f).

*Id*. at 368.

The *Breighner* Court also stated that "a factual determination should be adjudged 'unreasonable' under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record."(citations omitted). *Id.* at 368-369. The Court also stated that '[m]ere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination." (Citations omitted). *Id.*

The Court in *Davenport v. Diguglielmo,* 215 Fed. Appx. 175, 179 (3d. Cir. 2007), stated that even if a petitioner can rebut a state court's finding of fact by clear and convincing evidence, habeas relief will only be granted if the state court's factual finding was an "unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(2). *See also Campbell v. Vaughn,* 209 F.3d 280, 290 (3d Cir. 2000) (holding habeas relief unwarranted when a trial court credits trial counsel's testimony and discounts the defendant's testimony).

In *Early v. Packer*, 537 U.S. 2 (2002), the Supreme Court indicated that as long as the state court adjudicates a claim substantively rather than procedurally, even if the federal law is not identified as the rule of the decision, it has adjudicated the claim on the merits for purposes of the AEDPA. As stated, we find that all of Petitioner's ineffective assistance of trial counsel habeas claims were exhausted and that the Pennsylvania Superior Court adjudicated them on the merits. (Doc. 11-2, pp. 12-20). Thus, we review Petitioner's habeas claims on the merits utilizing the above discussed standard of review.

As mentioned, the AEDPA affords significant deference to legal conclusions decided by the state court. As the Court stated in *Tenuto v. Patrick*, 2007 WL 1057008, *2-*3 (E.D. Pa. 2007):

> An application for a writ of habeas corpus on behalf of a
> state court shall not be granted with respect to any claim
> that was adjudicated on the merits in state court proceedings
> unless adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the state court proceeding.
> 28 U.S.C. § 2254(d).

*See also Knight, supra*, p. 15.

## IV. DISCUSSION.

### A. Exhaustion

The AEDPA modified the procedures for habeas corpus proceedings in federal court. Section 104(1) of the Act mandates that applications by persons in state custody "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the Court

of the State" or there is no available state remedy or that process would be ineffective.[7]   A habeas

corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion

requirement.   *Gonce v. Redman*, 780 F.2d 333, 335-36 (3d Cir. 1985).   The exhaustion

requirement "rests upon the principles of comity and judicial economy [and] provides state courts

with an initial opportunity to consider and correct alleged violations of prisoners' rights without

disruption from the federal courts." *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); *see

also Gibson,* 805 F.2d 135, 138 (3d Cir. 1986).

    Exhaustion is not complete unless the trial court, the "intermediate court," and the highest

state court, here the Superior and Supreme Courts of Pennsylvania, have been presented with the

substance of the Petitioner's federal claim.   *Evans v. Court of Common Pleas, Del. County, Pa.*, 959

F.2d 1227, 1230 (3d Cir. 1992).   *See Duncan v. Henry*, 115 S.Ct. 887, 888 (1995); *Picard v.

Connor*, 404 U.S. 270, 275 (1971).

    Exhaustion of state remedies is not required if: 1) the state corrective process is "so deficient"

that any effort to obtain relief via state proceedings would be futile, *Gibson*, 805 F.2d at 138;   2)

the acts of the state authorities have, in effect, made state remedies unavailable to the Petitioner,

*Mayberry v. Petsock*, 821 F.2d 179, 184 (3d Cir.), *cert. denied*, 484 U.S. 946 (1987); and 3) there

has been such an "inordinate delay" in state procedures that the state process has been rendered

ineffective. *Hankins v. Fulcomer*, 941 F.2d 246, 251 (3d Cir. 1991); *Schandelmeier v. Cunningham*,

819 F.2d 52, 54-55 (3d Cir. 1986), *cert. denied*, 480 U.S. 938 (1987).

---

    [7]We note that a federal court may deny an application on the merits notwithstanding an
applicant's failure to exhaust state remedies.  *See* 28 U.S.C. §2254(b)(2).

In the instant matter, as discussed above, Respondent concedes that all of Petitioner's instant habeas claims have been presented to the state's intermediate or highest appellate courts and the Petitioner's claims are technically exhausted.  (Doc. 18-2).  Thus, we find that the Petitioner has exhausted his present habeas claims.

B.  *Procedural Default*

Respondent argues that all of Petitioner's habeas claims, Grounds One through Five, are procedurally defaulted.  A procedurally defaulted habeas claim, while technically exhausted, may not be considered under § 2254 because the state procedural rule constitutes an independent and adequate ground to deny relief.  *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996); *Colemand v. Thompson*, 501 U.S. 722, 750 (1991).  A claim is procedurally defaulted when state law clearly forecloses state court review of the claim.  *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).

In Pennsylvania, a prisoner seeking to challenge a conviction must do so by direct appeal or by way of the PCRA.  *See generally* 42 Pa. C.S.A. § 9542.  Under the PCRA, a petitioner must plead and prove that a claim has not been previously litigated or waived.  42 Pa. C.S.A. § 9543(a)(3).  A claim is "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or. . . has been raised and decided in a proceeding collaterally attacking the conviction or sentence."  42 Pa. C.S.A. § 9544(a)(2)(3).

In *Tenuto v. Patrick*, the Court noted that:

To be eligible for PCRA relief, an applicant must establish that the issues raised in his petition have not been previously litigated.  *Commonwealth v. Albrecht*, 554 Pa. 31, 720 A.2d 693, 698 (Pa. 1998).  *See* 42 Pa. Cons.Stat. Ann. § 9543(a) (West 1998)(to be eligible for PCRA relief, the petitioner must plead and prove by a preponderance

> of the evidence. . . (3) that the allegation of error has not been previously litigated
> or waived).  The PCRA statute also provides that an issue has been previously
> litigated if: (1) the highest appellate court in which the petitioner could have had
> review as a matter of right has ruled on the merits of the issue; or (2) it has been
> raised and decided in a proceeding collaterally attacking the conviction or sentence.
> 42 Pa. Cons.Stat. Ann. § 9543(a) (West 1995).

*Tenuto v. Patrick*, 2007 WL 1057008, at *8, n.1 (E.D.Pa. April 6, 2007).

An issue is "waived" if "the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding."  42 Pa. C.S.A. § 9544(b).

A federal court cannot review the Petitioner's procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Mccabe v. Pennsylvania*, 419 F.Supp.2d 692, 696 (E.D. Pa. 2006).

In the instant case, we agree with Respondent DA (Doc. 18-2, p. 17) that all of Petitioner's habeas claims are procedurally defaulted.  Ground One is procedurally defaulted because the state courts did not address the merits of Petitioner's claim based on his violation of firmly established and regularly followed state procedural rules.  Ground Two is procedurally defaulted because it essentially repeats the claim of Ground One, but refers to the constitutional basis for the claim, *i.e.* the Sixth Amendment right to counsel.  Grounds Three and Four are procedurally defaulted because Petitioner cannot present these claims to the state courts in another PCRA Petition.  These claims could have been presented previously and were not, which resulted in their waiver.  Ground Five is procedurally defaulted because of Petitioner's previous materially deficient brief.

14

We find that the Petitioner does not satisfy the cause and prejudice requirement with respect to his procedurally defaulted claims because he does not show any "objective factor external to the defense that prevented compliance with the state's procedural requirements." *McCabe*, 419 F.Supp.2d at 697.  In any event, we will discuss each of Petitioner's habeas claims below and will address the procedural defaults barring their review.

### C.  Habeas Claims

#### 1. Ground One

In Ground One of Petitioner's Amended Habeas Corpus Petition, he claims ineffective counsel. (Doc. 16, p. 14).  Petitioner argues that his trial counsel never made a background check on the Commonwealth's main witness.  (Doc. 16, p. 15).  Petitioner states that he found information that would have discredited this witness.  (*Id.*).  Petitioner also argues that his trial counsel was ineffective because he failed to withdraw Petitioner's alleged coerced guilty pleas. (*Id.*).  Petitioner asserts that his trial counsel was also negligent in not objecting to errors made in the pre-sentence investigation report. (Doc. 16, p. 16).

Respondent argues that Petitioner has procedurally defaulted his ineffective assistance of counsel claims raised in Ground One because the state courts did not address the merits of Petitioner's claim based on his violation of firmly established and regularly followed state procedural rules.  (Doc. 18-2, p. 11).  We agree with Respondent DA that Petitioner's ineffective assistance of counsel claims are procedurally defaulted.

In *Tenuto v. Patrick*, the Court stated that:

A state court's determination that a litigant failed to satisfy the procedural requirements of the PCRA court and, therefore, is not entitled to have the claims

15

reviewed on their merits, also bars a federal habeas court from entertaining the issue. *Sistrunk v. Vaughn*, 96 F.3d 666, 674 (3d Cir. 1996); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)(if a state court previously refused to review a claim pursuant to a state law "that is independent of the federal question and adequate to support the judgment" a federal court will not consider the claim). This state rule constitutes an adequate and independent state procedural ground such that claims previously litigated by petitioner on direct appeal and subsequently barred on PCRA review as previously litigated are procedurally defaulted. *See Blackwell v. Larkins*, 1998 WL 401752, at *4-5 (E.D.Pa. July 6, 1998) (concluding that a claim previously litigated on state grounds and thus not reviewable during PCRA proceedings is procedurally defaulted).

*Tenuto v. Patrick*, 2007 WL 1057008, at *8 (E.D.Pa. April 6, 2007).

The record shows that Petitioner failed to satisfy the procedural requirements of the PCRA Court and, therefore, is not entitled to have his ineffective counsel claims raised in Ground One reviewed on the merits. The Pennsylvania Superior Court, in its February 16, 2006 Decision affirming the denial of Petitioner's PCRA Petition, stated as follows:

> Instantly, Appellant's brief does not contain an adequate argument section. In violation of the applicable Rules of Appellate Procedure, Appellant presents four questions involved, but only one section in the argument portion of his brief. *See* Pa. R.A.P. 2116, 2119(a). The one argument section contains one paragraph, which merely references Appellant's version of the facts. Appellant does not provide any citations to relevant legal authority. Appellant's brief fails to present any cogent legal arguments in support of the issues presented, and we decline to formulate Appellant's arguments for him. *See Commonwealth v. Kimbrough,* 872 A.2d 1244, 1260 n.13 (Pa. Super. 2005) (*en banc*), *appeal denied,* ___ Pa. ___, 887 A.2d 1240 (2005) (reiterating failure to cite to relevant legal authority or sufficiently explain claim results in waiver).

> Moreover, Appellant's PCRA petition and amendment do not address the test for ineffective assistance of counsel with regard to Appellant's claims. Likewise, Appellant's brief does not even acknowledge the three-prong test for ineffectiveness. As such, Appellant fails to discuss and apply the standard governing the review of ineffectiveness claim in any meaningful way. *See Bracey, supra.* Therefore, Appellant's claims of ineffective assistance of counsel must necessarily fail. *See D'Amato,*

*supra; Brooks, supra; Mallory, supra* Accordingly, we affirm the PCRA court's order.

(Doc . 18-8, Ex. W, p. 6).

Thus, we agree with the Respondent DA that Petitioner's ineffective assistance of counsel claims raised in Ground One are procedurally defaulted and will recommend that the Petitioner be denied habeas relief with respect to these claims.

### 2. Ground Two

In Ground Two, Petitioner claims a violation of his constitutional rights under the Sixth Amendment with respect to his ineffective assistance of counsel claims. (Doc. 16, p. 14). Petitioner argues that his constitutional rights under the Sixth Amendment were violated because he was provided with ineffective trial counsel. (Doc. 16, p. 17-18).

Respondent argues that Ground Two raises essentially the same claims raised in Ground One, but framed differently, insofar as they are based on the Sixth Amendment. (Doc. 18-2, p. 14). Respondent states that because Ground Two raises essentially the same claims as Ground One, these ineffective assistance of counsel claims are also procedurally defaulted. (*Id.*).

We agree with Respondent DA that the claims asserted in Ground Two are essentially the same claims Petitioner raises in Ground One, and therefore, the claims raised in Ground Two are procedurally defaulted based on the same reasoning discussed above with respect to Ground One.

### 3. Ground Three

In Ground Three, Petitioner claims that Dauphin County CCP abused its discretion in sentencing by imposing consecutive sentences. (Doc. 16, p. 18). Specifically, Petitioner argues that the sentencing court erred by imposing a sentence where each and every charge was consecutive

in order to conform to the prosecutor's theory that there had been four harms committed by the Petitioner.  (*Id.*).  Petitioner also argues that the trial court failed to consider the doctrine of merger and the underlined transaction policy/analysis which should be applied in this case. (*Id.*).  Petitioner asserts that the trial court imposed a sentence which was extreme in his particular case and unreasonable when compared to the sentences in the other homicide by vehicle cases which were imposed in Dauphin County. (Doc. 16, p. 19).

Respondent argues that the claim that the trial court abused its discretion by imposing consecutive sentences was raised in the state courts as a matter of state law and is not properly before this Court.  (Doc. 18-2, p. 14).  Respondent states that this claim has been waived and is therefore procedurally defaulted.  (*Id.*).  Respondent cites to his Ex. E, Doc. 18-4, pp. 9-11, Petitioner's July 30, 2003 brief filed in support of his appeal to the Superior Court, to support his argument.  Respondent states that even if this claim was construed under federal law, the Petitioner fails to show that there was a constitutional violation.  (Doc. 18-2, p. 15).

We agree with Respondent DA that the stated claim was raised in state courts as a matter of state law and not federal law, and is not properly before this Court.  (Doc. 18, p. 7, ¶ e1.). Petitioner is barred from presenting this claim to state courts in another PCRA Petition.[8]  This claim is waived and is therefore procedurally defaulted.

In *Tenuto*, the Court stated:

In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be

---

[8]We also agree with Respondent that Petitioner would be time-barred from presenting the stated claim in another PCRA Petition. (Doc. 18-2, p. 14, n. 1).

excused.  Such excuse is allowed only where the petitioner can show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice.

*Tenuto*, 2007 WL 1057008, at *7.(Citations omitted)(Internal quotations omitted).

We find that the Petitioner has not shown that his default should be excused because he has not shown cause for the default or actual prejudice as a result of any violation of federal law. Additionally, the Petitioner has not demonstrated that failure to consider his claim would result in a fundamental miscarriage of justice.  We will recommend that the Petitioner's request for habeas relief with respect to Ground Three be denied.

### 4. *Ground Four*

In Ground Four, Petitioner claims that there should have been a merger of his charges for sentencing purposes. (Doc. 16, p. 14).  Petitioner argues that he was sentenced to four consecutive terms of imprisonment for five different crimes that arose from the same set of facts.  (Doc. 16, p. 20).  Petitioner's specific argument is that Counts 3 and 4, homicide by vehicle and accident involving death or personal injury, respectively, deal with the same victim and clearly require the same basic elements.  (*Id*.).

Respondent argues that this claim raised in Ground Four, similar to the claim in Ground Three, was presented to the state courts as a matter of state law and not federal law, and is not properly before this Court.  (Doc. 18, p. 8, ¶ 34. and Doc. 18-2, p. 15).  Respondent states that this claim is therefore procedurally defaulted based on the state law of waiver, and based on the jurisdictional limitations period regarding a PCRA Petition, 42 Pa. C.S.A. § 9545(b).  (*Id*.).

Again, we agree with the Respondents that this claim was presented to the state courts as a matter of state law and is not properly before this Court. (*See* Doc. 18-4, Ex. E, pp. 8-9). This claim, while technically exhausted, if construed as a claim under federal law, is procedurally defaulted based on the state law of waiver and the jurisdictional limitations period of 42 Pa. C.S.A. § 9545(b).

We find that the Petitioner has not shown that his default regarding Ground Four should be excused because he has not shown cause for the default or actual prejudice as a result of any violation of federal law. Additionally, the Petitioner has not demonstrated that failure to consider his claim would result in a fundamental miscarriage of justice. We will recommend that the Petitioner's request for habeas relief with respect to Ground Four be denied.

### 5. *Ground Five*

In Ground Five, Petitioner claims that there was contributory negligence on the part of the victims in his case. (Doc. 16, p. 14). Petitioner argues that the intersection where the accident occurred was very poorly lit and it was hard to see anyone crossing the street. (Doc. 16, p. 21). Petitioner also argues that the victims were wearing dark clothes, that one of them was legally intoxicated, and that they did not cross the street at a crosswalk. (*Id.*).

Respondent argues that this claim was presented to the state courts in the context of a claim of ineffective assistance of counsel on appeal from the denial of PCRA relief, and that the claim was procedurally defaulted due to Petitioner's materially deficient brief. (Doc. 18-2, p. 16, and Doc. 18-7, Ex. U). Respondent states that this claim was raised by Petitioner in the state courts as an ineffective assistance of counsel claim, and that now Petitioner is attempting to raise this claim

independently.  (*Id*.).  Respondent also states that this claim was never directly presented to the state courts, and that the time for doing so has expired.  Thus, Respondent argues that this claim is procedurally defaulted.  (*Id*.).  Respondent further argues that even if considered on the merits, a victim's contributory negligence is not a defense to a criminal charge.  (*Id*.).

We agree with Respondent that this claim was never presented to the state courts as a separate claim, *i.e.,* a claim distinct from an ineffective assistance claim, that the time for doing so has expired, and that the claim is procedurally defaulted.  This claim was procedurally defaulted due to Petitioner's materially deficient brief.  (*See* Doc. 18-8, Ex. W).  Further, even if we did consider this claim on the merits, we concur with Respondent that contributory negligence is not a defense to a criminal charge.  *See Com. v. McCloskey*, 835 A.2d 801, 807-808 (Pa. Super. 2003). As the *McCloskey* Court stated, "[c]riminal responsibility is properly assessed against one whose conduct was a direct and substantial factor in producing the death."  *Commonwealth v. Nicotra*, 425 Pa.Super. 600, 625 A.2d 1259, 1260 (1993) (citations omitted).  This is true even though "other factors combined with that conduct to achieve the result. *Id*." *Id*. at 807.

**V. RECOMMENDATION.**

Based on the foregoing, we respectfully recommend that the Petitioner's Amended Habeas Corpus Petition be **DENIED**. **(Doc. 16).**

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: August 20, 2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MANUEL LOPEZ,                          :        CIVIL ACTION NO. **1:CV-07-0938**
                                       :
           Petitioner                  :        (Judge Caldwell)
                                       :
           v.                          :        (Magistrate Judge Blewitt)
                                       :
HARRY E. WILSON, et. al,               :
                                       :
           Respondents                 :


## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **August 20, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


_____     **s/ Thomas M.  Blewitt**
                                  **THOMAS M. BLEWITT**
                                  **United States Magistrate Judge**


**Dated: August 20, 2008**